**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Edward J. Ball, Jr.,<br><br>          Debtor.<br>_____<br>Edward J. Ball, Jr.,<br><br>          Appellant,<br><br>vs.<br><br>George B. Nielson, Jr., Bankruptcy Judge; United States Bankruptcy Court; and David Birdsall, Trustee,<br><br>          Appellees.<br>_____ | No. CV-05-4015-PHX-DGC<br><br>BK-03-14674-GBN<br><br>**ORDER** |

**I.      Background.**

On December 9, 2005, Appellant filed a 35 page document (with numerous exhibits) that purports to be an appeal from the bankruptcy court and that seeks various forms of relief. Doc. #3.[1] On December 13, 2005, the District Clerk issued a notice of receipt of appeal that required the parties to file copies of the original record within 30 days from the date of the

---

[1] The same document was filed again on December 14, 2005. Doc. #4.

notice pursuant to Federal Rules of Bankruptcy Procedure 8006 and 8007. Doc. #1. On January 3, 2006, the Court granted Appellant's motion to proceed in forma pauperis. Doc. #5. On January 12, 2006, Appellant filed a 26-page document requesting the preparation and delivery of all docketed items to the District Clerk. Doc. #6.

**II.     Discussion.**

**A.     Appellant's Request for Injunctive Relief for Additional Time for Discovery and to Respond to the Trustee's Answer to Complaint.**

The Court will deny this request. The Court does not have authority to extend the time for discovery and responding to pleadings in the underlying bankruptcy proceeding. Moreover, Appellant has not met the standard for injunctive relief under Federal Rule of Civil Procedure 65.

**B.     Appellant's Request for Removal of Various Bankruptcy Cases Pursuant to 28 U.S.C. § 157(d).**

Section 157(d) provides that the Court "shall, on timely motion of a party, . . . withdraw a proceeding if the [C]ourt determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Court cannot make such a determination on the record before it. The Court will deny Appellant's request to remove cases pursuant to 28 U.S.C. § 157(d).

**C.     Appellant's Request for Preparation and Delivery of All Docketed Items to the District Clerk.**

Appellant requests that all docketed items be prepared and delivered to the District Clerk. Appellant, however, has not complied with Federal Rule of Bankruptcy Procedure 8006, which provides, in pertinent part:

> Within 10 days after filing the notice of appeal as provided in rule 8001(a), . . . the appellant shall file with the clerk and serve on appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. . . . Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated . . . . If the record designated by any party includes a transcript of any proceeding or part thereof, the party shall, immediately after filing the designation, deliver to the

> reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

Appellant has not filed the required designation of the items to be included in the record or the statement of the issues to be presented. Appellant shall comply with Rule 8006 by **May 26, 2006**. Appellant is warned that if he fails to prosecute this appeal or comply with the rules or any Court order, the Court may dismiss the appeal with prejudice. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that the district court did not err in dismissing the pro se plaintiff's complaint for failing to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that the district court did not err in dismissing a pro se plaintiff's complaint for failing to comply with a local rule); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Appellant further requests the Court to order the United States to pay for the transcripts on appeal pursuant to 28 U.S.C. § 753(f). Section 753(f) provides that "[f]ees for transcripts furnished to . . . persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the [bankruptcy] judge or [district] judge certifies that the appeal is not frivolous (but presents a substantial question)." The bankruptcy judge has made no such certification, and this Court cannot determine from Appellant's verbose and largely incoherent notice of appeal whether the appeal is frivolous or presents a substantial question. *See* Doc. #3. The Court accordingly will deny Appellant's request.

### D. Appellant's Request to Exceed Page Limits.

The Court will grant Appellant's request to exceed page limits with respect to the present motions. Appellant shall obtain leave of Court, however, before filing any other motion or brief that exceeds the page limits set forth in Local Rule of Civil Procedure 7.2(e).

### E. Appellant's Request for Oral Argument.

The Court will deny this request because oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**IT IS ORDERED:**

1. Appellant's motions (Docs. ##3, 4, 6) are **granted in part** and **denied in part** as set forth in this order.

2. Appellant shall comply with Federal Rule of Bankruptcy Procedure 8006 by **May 26, 2006**.

DATED this 12th day of May, 2006.

David G. Campbell
United States District Judge